UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

Case Number. 8:15-cr-48-T-17AEP
USM Number: 49224-177

vs

BRODERICK JACKSON

Jason Matthew Mayberry, Retained

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count One of the Indictment. Accordingly, the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) and 846, 21 U.S.C. § 841(b)(1)(A)(ii) | Conspiracy to Possess With Intent to Distribute Five Kilograms or More of Cocaine | 2007 | One |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

November 4, 2016

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

November ___, 2016

Broderick Jackson
8:15-cr-48-T-17AEP

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **ONE HUNDRED and TWENTY-ONE (121) MONTHS** as to Count One of the Indictment with credit for time served as calculated by the United States Bureau of Prisons. The term of imprisonment imposed by this judgment shall run concurrently with the defendant's term of imprisonment imposed pursuant to the judgment in Docket Number 8:15-cr-316-T-27MAP, Middle District of Florida, Tampa Division.

The Court recommends to the Bureau of Prisons:

1. 1st choice of incarceration: Texarkana.  2nd choice of incarceration as close to Dallas Texas as possible to be near his family.
2. 500 hour substance abuse counseling.
3. Mental health counseling, including anger management, anxiety and personal grief depression regarding death of wife.
4. Vocational education in electrical trade, welding, plumbing trade, small business administration, computers related to trades, and general computer/maintenance of same education.
5. Medical examination for variety of SERIOUS health problems that affect his life including diabetes.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Broderick Jackson
8:15-cr-48-T-17AEP

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **FIVE (5) YEARS** as to Count One of the Indictment.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of controlled substances. The defendant shall submit to one drug test within 15 days of placement on supervised release and at least two periodic drug tests thereafter as directed by the probation officer. The Court orders the defendant to submit to random drug testing not to exceed two tests per week.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

AO 245B (Rev. 4/09) Judgment in a Criminal Case

9.  The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1.  Defendant shall participate in a **substance abuse program** (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon the completion of this program, defendant is directed to submit to random drug testing.

2.  Defendant shall participate as directed in a program for **mental health treatment** approved by the probation officer. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the probation officer based on ability to pay or availability of third party payment and in conformance with the probation office's sliding scale for mental health treatment services.

3.  The defendant, having been convicted of a qualifying felony, shall cooperate in the collection of DNA as directed by the Probation Officer.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | Waived | N/A |

## SCHEDULE OF PAYMENTS

Special assessment shall be paid in full and is due immediately.

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the [63] Forfeiture Money Judgment, that are subject to forfeiture. See attached Forfeiture Money Judgment.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   Case No. 8:15-cr-48-T-17AEP

BRODERICK JACKSON

## FORFEITURE MONEY JUDGMENT

The defendant pleaded guilty to Count One of the Indictment, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and the United States has established that the amount of money involved in the offense is $2,100,000.00.

The United States moves under 21 U.S.C. § 853 and Rule 32.2(b)(2), Federal Rules of Criminal Procedure, for entry of a forfeiture money judgment against the defendant. The motion for entry of a forfeiture money judgment is GRANTED. Under 21 U.S.C. § 853 and Rule 32.2(b)(2), the defendant shall be held jointly and severally liable for a forfeiture money judgment in the amount of $2,100,000.00, with any co-conspirators upon their conviction of the offense charged in Count One.

The United States may seek, as a substitute asset in satisfaction of this judgment, forfeiture of any of the defendant's property up to the value of the money judgment. Jurisdiction is retained to enter any order necessary for the forfeiture and disposition of any substitute asset and to address any third-party claim.

Pursuant to Rule 32.2(b)(4) and the defendant's Plea Agreement (Doc. 41, p. 8), this order of forfeiture is final at the time it is entered.

Case No. 8:15-CR-48-T-17AEP

ORDERED in Tampa, Florida, on November 4, 2016.

*[Signature]*
ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All Parties/Counsel of Record

**ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE**

2